IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESTIN MATTHEW TURNER,      §
TDCJ #637564,               §
                            §
            Petitioner,     §
                            §
v.                          §            CIVIL ACTION NO. H-08-2500
                            §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                            §
            Respondent.     §

## <u>MEMORANDUM AND ORDER</u>

The petitioner, Jestin Matthew Turner (TDCJ #637564), is a state inmate incarcerated

in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively,

"TDCJ").  Turner has filed a petition for a federal writ of habeas corpus to challenge the

result of a prison disciplinary conviction.  After reviewing all of the pleadings and the

applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts, the Court concludes that this case must be **dismissed** for reasons set forth

below.

## I.      BACKGROUND

Turner is presently incarcerated in TDCJ as the result of multiple convictions from

the 363rd Judicial District Court of Dallas County, Texas, including those for unauthorized

use of a motor vehicle (F-9004638-W), aggravated robbery with a deadly weapon (F-

9204444-SW), attempted murder (F-9242119-JW), and murder (F-9241362-JW).  Court

records reflect that he is serving a life sentence. *See Turner v. State*, Nos. 05-96-00533-CR, 05-96-00534-CR, 1999 WL 1128875 (Tex. App. — Dallas Dec. 10, 1999, no pet.) (affirming the convictions for murder and attempted murder, which resulted in a life sentence).

Turner does not challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Darrington Unit in Brazoria County, Texas, where he presently resides. Because he challenges a prison disciplinary conviction and the petitioner is incarcerated within the Southern District of Texas, this Court has jurisdiction over his petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

According to the pleadings, officials at the Darrington Unit issued charges against Turner in disciplinary case #2008018952 for violating prison rules by possessing contraband in the form of a cell phone. After a hearing before a disciplinary captain, Turner was found guilty of the charges against him. As a result of the disciplinary conviction, Turner lost commissary and recreational privileges for 45 days, he forfeited 365 days of previously earned credit for good conduct (*i.e.*, "good-time credit"), and he was reduced in classification status from S4 to L3. Turner filed a Step 1 and a Step 2 grievance to challenge the conviction, but officials upheld the conviction after finding that the evidence was sufficient to support the guilty finding.

Turner now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Turner contends that he is entitled to relief because he was denied due process at his disciplinary proceeding. Notwithstanding the arguments made in the petition, the

Court finds that Turner is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.   DISCUSSION

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction.  The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Presumably, the petitioner contends that the disciplinary conviction and the attendant punishment, particularly the loss of previously earned good-time credits, will adversely affect

his eligibility for early release from prison onto parole. This argument does not implicate any particular right found in the Due Process Clause. In that respect, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Due Process Clause does not guarantee an inmate credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, the petitioner's due process argument depends on the existence of a constitutionally protected interest created by state law.

The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996; *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). For reasons discussed briefly below, Turner fails to show that the disciplinary proceedings or the sanctions imposed against him infringed a liberty interest of the sort that is protected by the Due Process Clause.

As a result of the disciplinary proceeding, Turner lost commissary and recreational privileges for 45 days and he was reduced in classification status.  According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *See id*.  The Fifth Circuit has also decided that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Because these sanctions do not implicate a protected liberty interest, Turner cannot show that he is entitled to habeas corpus relief from these particular forms of punishment.

In addition, prison officials also revoked 365 days of previously earned good-time credit as a result of the disciplinary conviction that Turner challenges.  Turner, who is serving a life sentence for murder, concedes that he is not eligible for early release on mandatory supervision.  (Doc. # 1, *Petition*, ¶ 16).  This is fatal to his due process claims. *See Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release).

5

Because Turner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole.[1]  It is well established that there is no protected liberty interest in obtaining parole in Texas.  *See Madison*, 104 F.3d at 768-69; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995);  *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).   In other words, because Turner has no constitutional right to parole, and he is not eligible for early release on mandatory supervision, his good-time credit sanction does not affect the length or duration of his confinement and does not implicate a liberty interest of the sort protected by the Due Process Clause.  *See Madison*, 104 F.3d at 768-69.  Accordingly, Turner cannot demonstrate a violation of the Due Process Clause in connection with this sanction.  *See id.*; *see also Arnold*, 306 F.3d at 279.

In summary, because the sanctions assessed against Turner do not implicate a protected liberty interest, he fails to establish the requisite constitutional violation as a matter of law.  Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995);  *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  It follows that Turner is not entitled to habeas corpus relief.

---

[1]     Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003;  *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).

## III.    CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

7

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2.   The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on August 20th, 2008.

Nancy F. Atlas
United States District Judge

8